# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# FRANKFORT DIVISION

| | |
|---|---|
| HALEY WELSH, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF JAMES D. WELSH, deceased<br><br>and<br><br>HALEY WELSH, MOTHER AND GUARDIAN OF A.J.W, a minor, son of James D. Welsh<br>　　　　　　　Plaintiffs,<br>　v.<br><br>BELL TEXTRON INC., *et al.*<br>　　　　　　　Defendants. | ) Case No. _____<br>)<br>) Removed from Owen Circuit Court<br>) Civil Action No. 25-CI-00164<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 USC § 1441(a), Defendant Bell Textron Inc. ("Bell"), by counsel, files its Notice of Removal of this case from the Owen Circuit Court of the Commonwealth of Kentucky (Civil Action No. 25-CI-00164), to the United States District Court for the Eastern District of Kentucky, with the consent of Co-Defendants Genesys Aerosystems d/b/a S-Tec Corporation ("Genesys"), Van Horn Aviation, LLC ("Van Horn"), and Lord Corporation ("Lord").[1] In support of its Notice, and pursuant to 28 USC § 1446, Bell states as follows:

1. On October 6, 2025, Plaintiffs filed a Complaint in Owen Circuit Court, bearing Civil Action No. 25-CI-00164, against Bell Textron Inc., Sarasota Avionics, Sarasota Avionics & Maintenance, LLC, Sarasota Avionics, THA, LLC, Genesys Aerosystems d/b/a S-Tec

---

[1] Sarasota Avionics, Inc., Sarasota Avionics, THA, LLC, and Sarasota Avionics & Maintenance, LLC were originally named as Defendants in this action but have been voluntarily dismissed by Plaintiffs. (*See* **Exhibit A**, Notices of CR 41.01 Voluntary Dismissal without Prejudice filed by Plaintiffs on October 31, 2025 and November 3, 2025). Defendants XYZ Corporations ("XYZ") were designated in the Complaint as unknown entities.

Corporation, Van Horn Aviation, LLC, Lord Corporation, XYZ Corporations, and the Estate of Gale E. Alleman, Kr., deceased (collectively, "Defendants").

2. Bell was served with a Summons and Complaint on October 24, 2025.

3. Sarasota Avionics was served with Summons and Complaint on October 23, 2025. Sarasota Avionics, Inc., Sarasota Avionics, THA, LLC, and Sarasota Avionics & Maintenance, LLC have since been voluntarily dismissed from this action by the Plaintiffs pursuant to Notices of CR 41.01 Voluntary Dismissal without Prejudice filed by Plaintiffs on October 31, 2025 and November 3, 2025. (*See* **Exhibit A**).

4. Genesys was served with a Summons and Complaint on October 27, 2025.

5. A Summons and Complaint were sent to Van Horn Aviation, LLC through its registered agent, Gary Drummond via U.S. mail. Van Horn Aviation received the Summons and Complaint on November 3, 2025, and does not contest service in this action.

6. Lord was served with a Summons and Complaint on October 29, 2025.

7. Defendants XYZ were designated in the Complaint as unknown entities. Plaintiffs did not attempt service on Defendants XYZ.

8. The Estate of Gale E. Alleman, Jr., deceased, was served with a Summons and Complaint on October 16, 2025.

9. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached to this Notice of Removal as **Exhibit B**.

10. The Complaint alleges that Plaintiffs are currently and were at all relevant times (including at the time of filing the Complaint) citizens of Kentucky. *See* Complaint at ¶ 1.

11. Bell is a wholly owned subsidiary of Textron Inc., a Delaware Corporation with its principal place of business at 3255 Bell Flight Boulevard, Fort Worth, TX 76118. Accordingly,

Bell is a citizen of Delaware and Texas for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332 (c)(1).

12.     Genesys Aerosystems d/b/a S-Tec Corporation ("Genesys") is a New York Corporation with its principal place of business at Seneca & Jamison Roads, East Aurora, NY 14052. Accordingly, Genesys is a citizen of Texas and New York for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332 (c)(1).   Genesys, through its counsel, consents to removal of this action. (*See* **Exhibit C**).

13.     Defendant, Van Horn Aviation, LLC ("Van Horn") is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona. For federal court jurisdiction and diversity of citizenship purposes, Van Horn is not a citizen of Kentucky because none of its members are citizens of Kentucky. *See Homfeld II, LLC v. Comair Holdings, Inc.*, No. 01-1151, 2002 WL 31780184, at *1 (6th Cir. 2002) ("[A] limited liability company … has the citizenship of its members.").

   a. The members of Van Horn are James Van Horn and The Van Horn Group, LLC.

      i.  James Van Horn is a resident of Scottsdale, Arizona.

   b. The members of the Van Horn Group, LLC are James van Horn and the Van Horn Joint Trust, dated February 18, 2014

      i. The Van Horn Group, LLC is an Arizona Limited Liability Company with its registered office and principal place of business in Tempe, Arizona.

      ii. The trustee of the Van Horn Joint Trust is James Van Horn.

   c. Van Horn, through its counsel, consents to removal of this action. (*See* **Exhibit D**).

14. Lord is a Pennsylvania Corporation with its principal place of business at 6035 Parkland Boulevard, Cleveland, OH 44124. Accordingly, Lord is a citizen of Pennsylvania and Ohio for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332 (c)(1). Lord, through its counsel, consents to removal of this action. (*See* **Exhibit E**).

15. Plaintiffs named the Estate of Gale E. Alleman, Jr. ("Alleman") as a Defendant and allege residence and citizenship in the Commonwealth of Kentucky. *See* Complaint at ¶ 7. However, Alleman is fraudulently joined because Plaintiffs have no viable claim against Alleman under Kentucky law.

16. Alleman is a deceased individual who is represented by Personal Representative, Judith Alleman, appointed through the Boone County Circuit Court on January 28, 2025. *See* Complaint at ¶ 7. For federal court jurisdiction and diversity of citizenship purposes, Alleman is not a separate entity and is not a proper party to this lawsuit.

17. Plaintiffs have fraudulently joined Alleman to destroy diversity among the parties. Plaintiffs' claims against Alleman are legally deficient pursuant to workers' compensation immunity under Kentucky law. Where it is "clear that there can be no recovery [against the non-diverse defendant] under the law of the state on the cause alleged or on the facts in view of the law," the non-diverse defendant's citizenship is irrelevant for purposes of diversity jurisdiction. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (holding that fraudulent joinder applies where there is no "colorable basis for predicting that [a plaintiff] may recover against [the defendant]").

18. Under Kentucky law, "workers' compensation is the exclusive remedy for an employee who has suffered an injury that arose out of and in the course of employment." *Meade v. Arnold*, 643 F. Supp. 2d 913, 916 (E.D. Ky. 2009). Specifically, KRS § 342.690(1) states that

4

workers' compensation is the exclusive remedy for such injuries, extending immunity to employers, their carriers, ***and employees***, officers, or directors of the employer. The employees of an employer include any co-workers of the injured employee. *See generally Meade*, 643 F. Supp. 2d at 918 (barring independent tort claim against co-worker pursuant to KRS § 342.690(1)) (emphasis added).

19. Alleman and Welsh were crew members and both employees of AirEvac at the time of the accident. *See* Complaint at ¶¶ 15-17. Alleman was the pilot of the subject helicopter that was operated by the "Air Evac Lifeteam as an air ambulance." *See* Complaint at ¶¶ 15-16, 103. The Plaintiffs' decedent, James D. Welsh, was a flight medic on the helicopter and co-worker of the fraudulently joined Alleman. *See* Complaint at ¶ 16. Both were acting in the course of their common employment with the AirEvac Lifeteam as the crew on the helicopter. *See* Complaint at ¶¶ 7, 15-17, 103.

20. The only narrow exception in Kentucky that allows an employee (like Welsh here) to sue a co-worker (like Alleman here) in tort is if the injury resulted from the co-worker's willful and unprovoked physical aggression also known as the deliberate intention exception. *Meade*, 643 F. Supp. 2d at 918; KRS § 342.690(1). However, "Kentucky courts have construed the deliberate intention exception narrowly." *Id.* at 919. The Kentucky Supreme Court has concluded that, "The phrase 'deliberate intention' implies that the employer must have determined to injure the employee." *Fryman v. Elec. Steam Radiator Corp.*, 277 S.W.2d 25, 26 (Ky. 1955). Additionally, when the "complaint is devoid of any charge that defendant determined to injure plaintiff" then it is insufficient to bring a claim within the exclusion. *Id.* Even if the co-worker's conduct was "reckless, wanton or negligent" that does not meet the specific intent standard in this narrow exception. *See Meade*, 643 F. Supp. 2d at 918; *McCray v Davis H Elliott Co.*, 419 SW2d 542, 543-

44 (Ky. 1967) (evidence of gross negligence is inadequate to establish intent). Courts have consistently barred claims that fail to meet this exacting standard. *See Rainer v. Union Carbide Corp.*, 402 F.3d 608, 614–16 (6th Cir. 2005), *opinion amended on reh'g* (Mar. 25, 2005) (holding the deliberate intention exception did not apply when an employer was aware of the presence of dangerous radioactive substances, but did not warn its employees); *McCray v. Davis H. Elliott Co.*, 419 S.W.2d 542, 543–44 (Ky.1967) (holding the deliberate intention exception did not apply when a worker was forced to work on a tall, dangerous electrical pole for which he was not trained and on which he was ultimately electrocuted); *Moore v. Env't Const. Corp.*, 147 S.W.3d 13, 18–19 (Ky. 2004) (holding the deliberate intention exception did not apply when a worker died in a trench that the employer knew could cause injury or death and was in violation of Kentucky OSHA regulations); *Blanton v. Cooper Indus.,* 99 F.Supp.2d 797, 805 (E.D.Ky.2000) (holding the deliberate intention exception did not apply when the employees developed cancer because of contamination at the plant where they worked).

21. Under Kentucky law, Alleman is shielded from the tort claim brought by Plaintiffs in this action, as both Alleman and Welsh were employees of AirEvac at the time of the accident. *See* KRS § 342.690(1); *Meade*, 643 F. Supp. 2d at 918. Further, Plaintiffs have not and cannot plead the narrow deliberate intention exception for tort claims against co-workers.

22. Here, Plaintiffs do not allege that the deceased's injuries were a result of the "willful and unprovoked physical aggression" of Alleman as the pilot of the helicopter, which is the only exception to the exclusive remedy of workers compensation set forth in KRS § 342.690(1). *Weixler v. Paris Co.,* 2003 WL 105503, at *2 (W.D. Ky. Jan. 2, 2003). Rather, Plaintiffs only plead one count of negligence against Alleman. *See* Complaint at ¶ 102-107. Pursuant to KRS § 342.690(1), Plaintiffs' purported negligence claim against Welsh's co-worker, Alleman, is barred by Kentucky

workers' compensation law, and Alleman should not have been named as a party to this lawsuit. *See also Meade*, 643 F. Supp. 2d at 916.

23. Because Plaintiffs cannot present a colorable claim against Alleman, the citizenship of Alleman is irrelevant for purposes of determining diversity among the parties.

24. Excluding the fraudulently joined Alleman, this action is between citizens of different states, and as a result, complete diversity of citizenship exists. 28 U.S.C. § 1332.

25. Plaintiffs' Complaint does not set forth a specific amount of damages claimed against Defendants, but the Court may determine from the face of the pleadings that it appears likely that damages exceed $75,000 because Plaintiffs are seeking damages for the death of Mr. Welsh. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001) ("Failure to adequately plead the amount in controversy requirement may be cured by the presence of clear allegations ... that the case involved a sum well in excess of the $75,000 minimum.") (internal citations omitted) (citing *Cook v. Winfrey*, 141 F.3d 322, 326 (7th Cir.1998)); *Hendrickson v. Gen. Motors LLC*, 2019 WL 11715669 at *3 (W.D. Ky. Nov. 6, 2019) (holding that a complaint in a wrongful death case "self-evidently states claims for damages exceeding the jurisdictional amount"); *Burgett v. Troy-Bilt LLC*, 2011 WL 4715176, at *2 (E.D. Ky. 2011) (noting that amputation cases in which courts have found that the amount in controversy is likely satisfied). Plaintiffs also seek damages for pain and suffering, loss of consortium, and punitive damages. Thus, the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a).

26. Complete diversity of citizenship exists ignoring the fraudulently joined Alleman, and the amount in controversy exceeds $75,000. As a result, removal to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332 is appropriate.

27. This Notice of Removal is timely because it was filed within the later of 30 days of the later-served defendant's receipt of service of Plaintiffs' Complaint. 28 USC § 1446(b)(2)(C).

28. Pursuant to 28 USC § 1446(d), Defendants are contemporaneously serving a copy of this Notice upon all adverse parties and the Clerk of the Owen County Circuit Court, with instructions to proceed no further unless and until this case is remanded.

WHEREFORE, Bell hereby removes this case to the U.S. District Court for the Eastern District of Kentucky.

Respectfully submitted,

FROST BROWN TODD LLP

 /s/ Casey Wood Hensley
Casey Wood Hensley (KBA #88603)
A. Riley Grant (KBA #100014)
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
Phone: (502) 589-5400
Fax: (502) 581-1087
chensley@fbtlaw.com
rgrant@fbtlaw.com
*Counsel for Bell Textron Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on November 13, 2025, I electronically filed the foregoing document with the Clerk of the Court using the Court's eFiling system, which will automatically send a Notice of Electronic Filing to all registered users, and I also served a copy of the foregoing document by electronic mail to:

Margo L. Grubbs (KBA #27515)
Grubbs & Landry, PLLC
334 Beechwood Road, Suite 503
Ft. Mitchell, KY 41017
margo@grubbslaw.com

Michelle Snodgrass (KBA #87531)
331 York Street
Newport, KY 41071
michelle@michellesnodgrasslaw.com

Vanita S. Fleckinger (KBA #87669)
Fleckinger Law, PLLC
331 York Street 41071
vanita@fleckingerlaw.com
*Counsel for Plaintiffs*

                                        /s/ *Casey Wood Hensley*
                                        *Counsel for Bell Textron Inc.*

0139326.0813787   4906-7294-3475v6