# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# FRANKFORT DIVISION

| | |
|---|---|
| HALEY WELSH, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF JAMES D. WELSH, deceased | **Case No.: 3:25-CV-00064-GFVT** |
| | Removed from Owen Circuit Court |
| And | Civil Action No. 25-CI-00164 |
| HALEY WELSH, MOTHER AND GUARDIAN OF A.J.W., a minor, son of James D. Welsh | |
| Plaintiffs, | |
| v. | |
| BELL TEXTRON INC., et al. | |
| Defendants. | |

## MOTION FOR REMAND OR, IN THE ALTERNATIVE, TO DISMISS

Defendant Judith Alleman, Administratrix of the Estate of Gale Alleman Jr., through counsel, files this Motion for Remand pursuant to 28 U.S.C. § 1447(c). Defendant Alleman did not consent to removal from state court. 28 U.S.C. § 1446(b)(2)(A).

Alternatively, if the Court were to conclude that Defendant Alleman was fraudulently or otherwise improperly joined as a Defendant and her consent to removal was not required, then she must be dismissed from the case, as no viable claim has been asserted against her.

A memorandum in support of this motion and proposed orders follow.

1

Respectfully submitted,

OMEGA LAW PLLC

*/s/ Edward L. Metzger III*
Edward L. Metzger III (Ky. Bar #94138)
Hannah M. Woods (Ky. Bar #101508)
P.O. Box 559
Union, KY 41091
(859) 898-2140 - Phone
Lee@nkylaw.net
*Counsel for Defendant Judith Alleman,*
*Administratrix of the Estate of*
*Gale Alleman Jr.*

### CERTIFICATION OF SERVICE

I hereby certify on December 1, 2025, I electronically filed the foregoing using the CM/ECF system, which will send a copy of this filing to all counsel of record.

*/s/ Edward L. Metzger III*
Edward L. Metzger III

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

| | |
|---|---|
| HALEY WELSH, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF JAMES D. WELSH, deceased<br><br>and<br><br>HALEY WELSH, MOTHER AND GUARDIAN OF A.J.W., a minor, son of James D. Welsh<br>    Plaintiffs,<br><br>v.<br><br>BELL TEXTRON INC., et al.<br>    Defendants. | **Case No.: 3:25-CV-00064-GFVT**<br><br>Removed from Owen Circuit Court<br>Civil Action No. 25-CI-00164 |

## <u>MEMORANDUM IN SUPPORT</u>

Defendant Judith Alleman, Administrix of the Estate of Gale Alleman Jr., through counsel, for her Memorandum in Support of Motion for Remand or, in the alternative, to Dismiss, hereby states as follows:

### I.    INTRODUCTION AND RELEVANT FACTS

On October 7, 2024, a helicopter operated by Air Evac Lifeteam, an air-ambulance provider, was conducting operations in Owenton, Kentucky. The onboard crew consisted of pilot Gale Alleman Jr., flight nurse Bethany Aicken, and flight medic James Welsh. At approximately 1730 hours, the helicopter crashed into a tree line near 1680

3

Highway 22, Owenton, Kentucky, and subsequently caught fire, becoming fully engulfed in flames. All three crew members died as a result of the crash.

On October 6, 2025, Plaintiffs Haley Welsh, the widow of flight medic James Welsh, and A.J.W., the minor son of James Welsh (collectively, "Plaintiffs"), filed the present action in the Commonwealth of Kentucky's Owen Circuit Court. Plaintiffs asserted claims against Bell Textron Inc., Sarasota Avionics Inc., Sarasota Avionics THA, LLC, Sarasota Avionics & Maintenance, Genesys Aerosystems, Van Horn Avionics, LLC, Lord Corporation, and XYZ Corporations (collectively, "Corporate Defendants").[1] Plaintiffs alleged various theories of relief, including products liability, negligence, wrongful death, loss of consortium, and parental loss of consortium. Plaintiffs also asserted claims against Judith Alleman, Administratrix of the Estate of Gale Alleman Jr., for negligence, wrongful death, loss of consortium, and parental loss of consortium.

Plaintiffs allege that the Corporate Defendants designed, manufactured, or provided defective and negligent products installed in the Bell 206L-series helicopter piloted by Gale Alleman, and that these defects caused the fatal crash. Plaintiffs further allege that Gale Alleman was negligent in operating the helicopter and that his negligence was a direct, proximate, or contributing cause of the incident. As of the filing of the Complaint, the National Transportation Safety Board (NTSB) investigation into the crash remained ongoing.

---

[1] On October 31, 2025, Plaintiffs voluntarily dismissed Sarasota Avionics, Sarasota Avionics THA, LLC, and Sarasota Avionics & Maintenance.

4

On November 13, 2025, Defendant Alleman filed her Answer and Cross-Claim. Later that day, Defendant Bell Textron filed its Notice of Removal. Bell Textron obtained consent from all of the Corporate Defendants prior to removing the case to federal court. It did not, however, obtain consent from Alleman.

Bell Textron contends that removal was proper because (1) all Corporate Defendants consented to removal, (2) complete diversity exists among the "properly joined" parties, and (3) the amount in controversy satisfies the requirements of 28 U.S.C. § 1332. Bell Textron contends that Plaintiffs fraudulently joined Gale Alleman, a Kentucky resident at the time of his death, for the purpose of defeating diversity jurisdiction. According to Bell Textron, Plaintiffs' claims against Alleman are legally barred under Kentucky's workers' compensation law and therefore cannot support liability. Thus, Bell Textron contends, Alleman's consent is not necessary for removal.

If Bell Textron is correct – that is, if Alleman was fraudulently joined and the claims against her are barred by Kentucky's workers compensation law – then Alleman must be dismissed from the suit. If, alternatively, the claims against her are not barred and she was properly joined, then she does not consent to removal, and the case must be remanded to state court.

## II.     LEGAL STANDARD

To invoke the district court's removal jurisdiction, a defendant must demonstrate that the court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The court must remand the case to state court if it lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). "Generally, statutory procedures for removal are to be strictly construed, such

5

that all doubts as to the propriety of removal are resolved in favor of remand." *Nessel ex rel. Mich. v. Amerigas Partners, L.P.*, 954 F.3d 831, 834 (6th Cir. 2020) (internal citations and quotations omitted).

### III. LAW & ANALYSIS

To prove fraudulent joinder, the removing party must present sufficient evidence that the plaintiff could not have established a cause of action against the non-diverse defendants under state law. *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The court must remand the action to state court if there is a "colorable basis" for the plaintiff to recover against the non-diverse defendants. *Id.* The district court is required to resolve all disputed questions of fact and ambiguities in controlling state law in favor of the non-removing party. *Id.* (citing *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). If the plaintiff has even a "glimmer of hope," then any charge of fraudulent joinder fails, and the district court must remand the case to state court for want of subject matter jurisdiction. *Christensen v. ATS, Inc.*, 24 F. Supp. 3d 610, 613 (E.D. Ky. 2014) (citing *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011), and *Saginaw House Comm'n v. Bannum, Inc*, 576 F.3d 620, 624 (6th Cir. 2009)).

Here, Defendant Bell Textron contends that removal was proper because Alleman was fraudulently joined, and thus her consent was not needed. The basis of Defendant Bell Textron's argument rests on Kentucky's Workers' Compensation law, which

6

provides the exclusive remedy for an employee who suffers an injury arising out of employment.

However, Kentucky law recognizes several exceptions to the Workers' Compensation exclusivity provision. At this early stage, it is unclear whether any of these exceptions apply. There may be a possibility (i.e., a glimmer of hope) that Plaintiff may recover under an exception to the workers' compensation law. In that circumstance, Alleman was properly joined, and remand is warranted for want of subject matter jurisdiction, because she did not consent to removal.

Additionally, if Alleman is a proper defendant, then diversity between Plaintiff and Defendants is destroyed. Both Gale Alleman and the Plaintiffs are residents of Kentucky. Therefore, the court lacks subject matter jurisdiction under 28 U.S.C. § 1332. This case also does not present a federal question, and the court thus lacks subject-matter jurisdiction under 28 U.S.C. § 1331. For these reasons also, a remand to state court is appropriate.

But in the alternative, if the Court were to determine that Alleman was fraudulently joined because there was no viable claim asserted against her, then Alleman respectfully requests that the Court dismiss her from the suit pursuant to Civil Rule 12(b)(6). "Dismissal is proper when the complaint fails to state a claim for which relief can be granted." *Kolominsky v. Root, Inc.*, 100 F.4th 675, 682 (6th Cir. 2024). If Plaintiffs

7

have no viable claim against Alleman – i.e., if she were fraudulently joined – then the court must dismiss Plaintiffs' claims against her.

## IV. CONCLUSION

There are only two possible results here: a remand to state court, or a dismissal of the claims against Alleman. There is no third option.

Alleman was either properly joined, or she was not. If she was properly joined, she did not (and does not) consent to removal, and therefore the case must be remanded to state court. But if she was improperly joined, then the claims against her are barred by Kentucky's workers' compensation law, and those claims must be dismissed.

Respectfully submitted,

OMEGA LAW PLLC

*/s/ Edward L. Metzger III*
Edward L. Metzger III (#94138)
Hannah M. Woods (Ky. Bar #101508)
P.O. Box 559
Union, KY 41091
(859) 898-2140 - Phone
Lee@nkylaw.net
*Counsel for Defendant Judith Alleman,
Administratrix of the Estate of
Gale Alleman Jr.*