## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## FRANKFORT DIVISION

| | |
|---|---|
| HALEY WELSH, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF JAMES D. WELSH, deceased | ) Case No. 3:25-CV-00064-GFVT<br>)<br>)<br>) Removed from Owen Circuit Court |
| And | ) Civil Action No. 25-CI-00164<br>) |
| HALEY WELSH, MOTHER AND GUARDIAN OF A.J.W, a minor, son of James D. Welsh | )<br>)<br>) |
|           Plaintiffs, | ) |
|     v. | )<br>) |
| BELL TEXTRON INC., *et al.* | )<br>) |
|        Defendants. | )<br>) |

## BELL TEXTRON INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO CROSS-CLAIM OF JUDITH ALLEMAN ADMINISTRATRIX OF THE ESTATE OF GALE E. ALLEMAN JR.

Defendant Bell Textron Inc. ("Bell"), by counsel, for its Answer and Affirmative Defenses to Judith Alleman's, as Administratrix of the Estate of Gale Alleman Jr., (hereinafter "Alleman") Cross-Claim states as follows. Bell asserts that Alleman's Cross-Claim is barred, limited, and/or moot because Alleman was a fraudulently joined defendant and not a proper party to this lawsuit. By filing its Answer and Affirmative Defenses, Bell does not waive any arguments concerning the propriety of Bell's removal or its arguments concerning fraudulent joinder of Alleman, nor does Bell consent to the validity of the Cross-Claim.

## GENERAL FACTUAL ALLEGATIONS

1. With respect to Paragraph 1 of Alleman's Cross-Claim, Bell incorporates by reference its previous answers to Paragraphs 1-43 of Plaintiff's Complaint.

## COUNT I – PRODUCTS LIABILITY

2.     Bell denies the allegations contained in Paragraph 2 of Alleman's Cross-Claim.

3.     Bell denies the allegations contained in Paragraph 3 of Alleman's Cross-Claim.

4.     Bell admits the allegations contained in Paragraph 4 of Alleman's Cross-Claim.

5.     Bell denies the allegations contained in Paragraph 5 of Alleman's Cross-Claim.

6.     Bell denies the allegations contained in Paragraph 6 of Alleman's Cross-Claim.

7.     Bell admits the allegations contained in Paragraph 4 of Alleman's Cross-Claim.

8.     Paragraph 8 contains allegations that are vague and unclear as to whether Bell "regularly designs, manufactures, markets, and sells helicopters for commercial and emergency medical service use," and therefore, Bell denies the allegations as set forth in Paragraph 8 of Alleman's Cross-Claim.  Bell admits that some of the helicopters it manufactures are used for commercial and emergency medical purposes.  The remaining allegations in Paragraph 8 of Alleman's Cross-Claim are denied.

## COUNT II – NEGLIGENCE – DESIGN DEFECT

9.     Bell repeats and realleges its responses to the allegations set forth in the previous paragraphs as if fully set forth herein.

10.     The allegations contained in Paragraph 10 of Alleman's Cross-Claim call for legal conclusions to which no response is required; however, to the extent a response is required, Bell denies the allegations contained in Paragraph 10 of Alleman's Cross-Claim as it does not completely or correctly state the legal duty owed by a manufacturer under Kentucky law.

11.     The allegations contained in Paragraph 11 of Alleman's Cross-Claim call for legal conclusions to which no response is required; however, to the extent a response is required, Bell

denies the allegations contained in Paragraph 11 of Alleman's Cross-Claim as it does not completely or correctly state the legal duty owed by a manufacturer under Kentucky law.

12.    Bell denies the allegations contained in Paragraph 12 of Alleman's Cross-Claim.

13.    In response to Paragraph 13 of Alleman's Cross-Claim, Bell states that Alleman fails to identify the Airworthiness Concern Sheet with specificity, and any Airworthiness Concern Sheet speaks for itself as to the statements contained therein.  To the extent a response is required, Bell denies the allegations contained in Paragraph 13 of Alleman's Cross-Claim and denies their relevance to this Incident.

14.    Bell denies the allegations contained in Paragraph 14 of Alleman's Cross-Claim.

15.    Bell denies the allegations contained in Paragraph 15 of Alleman's Cross-Claim.

16.    Bell denies the allegations contained in Paragraph 16 of Alleman's Cross-Claim.

17.    Bell is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of Alleman's Cross-Claim, but Bell specifically denies that Bell caused or contributed to causing the crash or any alleged loss to Alleman.

## COUNT III – NEGLIGENCE – FAILURE TO WARN

18.    Bell repeats and realleges its responses to the allegations set forth in the previous paragraphs as if fully set forth herein.

19.    Bell denies the allegations contained in Paragraph 19 of Alleman's Cross-Claim.

20.    In response to Paragraph 20 of Alleman's Cross-Claim, Bell states that Alleman fails to identify the Airworthiness Concern Sheet with specificity, and any Airworthiness Concern Sheet speaks for itself as to the statements contained therein.  To the extent a response is required, Bell denies the allegations contained in Paragraph 20 of Alleman's Cross-Claim and denies their relevance to this Incident.

21.    Bell denies the allegations contained in Paragraph 21 of Alleman's Cross-Claim.

22.    Bell denies the allegations contained in Paragraph 22 of Alleman's Cross-Claim.

23.    Bell denies the allegations contained in Paragraph 23 of Alleman's Cross-Claim.

24.    Bell denies the allegations contained in Paragraph 24 of Alleman's Cross-Claim.

25.    Bell denies the allegations contained in Paragraph 25 of Alleman's Cross-Claim.

26.    Bell is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of Alleman's Cross-Claim, but Bell specifically denies that Bell caused or contributed to causing the crash or any alleged loss to Alleman.

## COUNT IV – NEGLIGENCE – DESIGN DEFECT

27.    Bell repeats and realleges its responses to the allegations set forth in the previous paragraphs as if fully set forth herein.

28.    The allegations contained in Paragraph 28 of Alleman's Cross-Claim call for legal conclusions to which no response is required; however, to the extent a response is required, Bell denies the allegations contained in Paragraph 28 of Alleman's Cross-Claim.

29.    Bell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Alleman's Cross-Claim, nor are the allegations directed to Bell.  To the extent a response is required, Bell denies the allegations in Paragraph 29 of Alleman's Cross-Claim.

30.    The allegations contained in Paragraph 30 of Alleman's Cross-Claim call for conclusions of law to which no response is required or appropriate. To the extent a response is required, Bell denies the allegations contained in Paragraph 30 of Alleman's Cross-Claim.

31.    Bell denies the allegations contained in Paragraph 31 of Alleman's Cross-Claim.

32.    Bell denies the allegations contained in Paragraph 32 of Alleman's Cross-Claim.

33.    Bell denies the allegations contained in Paragraph 33 of Alleman's Cross-Claim.

34.    Bell denies the allegations contained in Paragraph 34 of Alleman's Cross-Claim.

35.    Bell is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of Alleman's Cross-Claim, but Bell specifically denies that Bell caused or contributed to causing the crash or any alleged loss to Alleman.

### COUNT V – NEGLIGENCE – DESIGN DEFECT

36.    Bell repeats and realleges its responses to the allegations set forth in the previous paragraphs as if fully set forth herein.

37.    The allegations contained in Paragraph 37 of Alleman's Cross-Claim call for conclusions of law to which no response is required or appropriate.  To the extent a response is required, Bell denies the allegations contained in Paragraph 37 of Alleman's Cross-Claim.

38.    The allegations contained in Paragraph 38 of Alleman's Cross-Claim call for conclusions of law to which no response is required or appropriate.  To the extent a response is required, Bell denies the allegations contained in Paragraph 38 of Alleman's Cross-Claim.

39.    Bell denies the allegations contained in Paragraph 39 of Alleman's Cross-Claim.

40.    Bell denies the allegations contained in Paragraph 40 of Alleman's Cross-Claim.

41.    Bell denies the allegations contained in Paragraph 41 of Alleman's Cross-Claim.

42.    Bell denies the allegations contained in Paragraph 42 of Alleman's Cross-Claim.

43.    Bell is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of Alleman's Cross-Claim, but Bell specifically denies that Bell caused or contributed to causing the crash or any alleged loss to Alleman.

## COUNT VI – NEGLIGENCE – DESIGN DEFECT

44.    Bell repeats and realleges the allegations set forth in the previous paragraphs as if fully set forth herein.

45.    The allegations contained in Paragraph 45 of Alleman's Cross-Claim call for conclusions of law to which no response is required or appropriate.  To the extent a response is required, Bell denies the allegations contained in Paragraph 45 of Alleman's Cross-Claim.

46.    The allegations contained in Paragraph 46 of Alleman's Cross-Claim call for conclusions of law to which no response is required or appropriate.  To the extent a response is required, Bell denies the allegations contained in Paragraph 46 of Alleman's Cross-Claim.

47.    Bell denies the allegations contained in Paragraph 47 of Alleman's Cross-Claim.

48.    Bell denies the allegations contained in Paragraph 48 of Alleman's Cross-Claim.

49.    Bell denies the allegations contained in Paragraph 49 of Alleman's Cross-Claim.

50.    Bell denies the allegations contained in Paragraph 50 of Alleman's Cross-Claim.

51.    Bell is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of Alleman's Cross-Claim, but Bell specifically denies that Bell caused or contributed to causing the crash or any alleged loss to Alleman.

## COUNT VII – PRODUCTS LIABILITY

52.    Bell repeats and realleges the allegations set forth in the previous paragraphs as if fully set forth herein.

53.    Bell denies the allegations contained in Paragraph 53 of Alleman's Cross-Claim.

54.    Bell denies the allegations contained in Paragraph 54 of Alleman's Cross-Claim.

55.    Bell denies the allegations contained in Paragraph 55 of Alleman's Cross-Claim.

56.    Bell denies the allegations contained in Paragraph 56 of Alleman's Cross-Claim.

57.     Bell denies the allegations contained in Paragraph 57 of Alleman's Cross-Claim.

58.     Bell denies the allegations contained in Paragraph 58 of Alleman's Cross-Claim.

59.     Bell denies the allegations contained in Paragraph 59 of Alleman's Cross-Claim.

60.     Bell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of Alleman's Cross-Claim, and therefore the allegations are denied.

## COUNT VIII – NEGLIGENCE – DESIGN DEFECT

61.     Bell repeats and realleges the allegations set forth in the previous paragraphs as if fully set forth herein.

62.     The allegations contained in Paragraph 62 of Alleman's Cross-Claim call for conclusions of law to which no response is required or appropriate.  To the extent a response is required, Bell denies the allegations contained in Paragraph 62 of Alleman's Cross-Claim.

63.     The allegations contained in Paragraph 63 of Alleman's Cross-Claim call for conclusions of law to which no response is required or appropriate.  To the extent a response is required, Bell denies the allegations contained in Paragraph 63 of Alleman's Cross-Claim.

64.     Bell denies the allegations contained in Paragraph 64 of Alleman's Cross-Claim.

65.     In response to Paragraph 65 of Alleman's Cross-Claim, Bell states that Alleman fails to identify the Airworthiness Concern Sheet with specificity, and any Airworthiness Concern Sheet speaks for itself as to the statements contained therein.  To the extent a response is required, Bell denies the allegations contained in Paragraph 65 of Alleman's Cross-Claim and disputes their relevance to this Incident.

66.     Bell denies the allegations contained in Paragraph 66 of Alleman's Cross-Claim.

67.     Bell denies the allegations contained in Paragraph 67 of Alleman's Cross-Claim.

68.     Bell is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of Alleman's Cross-Claim, but Bell specifically denies that Bell caused or contributed to causing the crash or any alleged loss to Alleman.

## COUNT IX – NEGLIGENCE – FAILURE TO WARN

69.     Bell repeats and realleges the allegations set forth in the previous paragraphs as if fully set forth herein.

70.     Bell denies the allegations contained in Paragraph 70 of Alleman's Cross-Claim.

71.     In response to Paragraph 71 of Alleman's Cross-Claim, Bell states that Alleman fails to identify the Airworthiness Concern Sheet with specificity, and any Airworthiness Concern Sheet speaks for itself as to the statements contained therein.  To the extent a response is required, Bell denies the allegations contained in Paragraph 71 of Alleman's Cross-Claim and disputes their relevance to this Incident.

72.     Bell denies the allegations contained in Paragraph 72 of Alleman's Cross-Claim.

73.     Bell denies the allegations contained in Paragraph 73 of Alleman's Cross-Claim.

74.     Bell denies the allegations contained in Paragraph 74 of Alleman's Cross-Claim.

75.     Bell denies the allegations contained in Paragraph 75 of Alleman's Cross-Claim.

76.     Bell denies the allegations contained in Paragraph 76 of Alleman's Cross-Claim.

77.     Bell is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of Alleman's Cross-Claim, but Bell specifically denies that Bell caused or contributed to causing the crash or any alleged loss to Alleman.

## COUNT X – WRONGFUL DEATH

78.     Bell repeats and realleges the allegations set forth in the previous paragraphs as if fully set forth herein.

79.    Bell admits the allegations contained in Paragraph 79 of Alleman's Cross-Claim.

80.    Bell admits the allegations contained in Paragraph 80 of Alleman's Cross-Claim.

81.    Bell denies the allegations contained in Paragraph 81 of Alleman's Cross-Claim.

82.    Bell denies the allegations contained in Paragraph 82 of Alleman's Cross-Claim.

83.    Bell denies the allegations contained in Paragraph 83 of Alleman's Cross-Claim.

84.    Bell denies the allegations contained in Paragraph 84 of Alleman's Cross-Claim.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Bell asserts that Alleman's Cross-Claim is barred because this Court lacks personal jurisdiction over Bell. Bell denies that it "transacts business" in Kentucky and states that Bell lacks sufficient minimum contacts with Kentucky to support the exercise of personal jurisdiction over it in this forum.

### SECOND DEFENSE

Alleman's Cross-Claim may fail, in whole or in part, to state a claim upon which relief can be granted.

### THIRD DEFENSE

Alleman's Cross-Claim is barred, limited, and/or moot because Alleman was a fraudulently joined defendant and not a proper party to this lawsuit.  Bell does not waive any arguments concerning the propriety of Bell's removal or its arguments concerning fraudulent joinder, nor does Bell consent to the validity of the Cross-Claim by filing this Answer and Affirmative Defenses.

### FOURTH DEFENSE

Alleman's Cross-Claim is barred, in part or in whole, by the General Aviation Revitalization Act ("GARA").

## FIFTH DEFENSE

Bell states that the aircraft described in Alleman's Cross-Claim is a general aviation aircraft, and therefore Alleman's Cross-Claim action against Bell is barred by the General Aviation Revitalization Act of 1994 ("GARA") as a civil action brought for damages for death or injury to persons or damage to property arising out of an accident involving a general aviation aircraft brought outside of the applicable limitations period against the manufacturer of an aircraft or of a new component, system, subassembly, or other part of the aircraft, which was produced in its capacity as a manufacturer.

## SIXTH DEFENSE

Bell states that Alleman has failed to plead with specificity any of the facts necessary to prove under the General Aviation Revitalization Act of 1994 ("GARA") that Bell knowingly misrepresented to the Federal Aviation Administration, or concealed or withheld from the Federal Aviation Administration, required information that is material and relevant to the performance or the maintenance or operation of such aircraft, or the component, system, subassembly, or other part, causally related to the harm which the claimant allegedly suffered. Therefore, this case should be dismissed.

## SEVENTH DEFENSE

Bell states that the owner and operator of the helicopter aircraft being used by Alleman's Decedent at the time of the Incident was a sophisticated and knowledgeable user of the helicopter, operating the helicopter pursuant to 14 CFR Part 91 and 14 CFR Part 135, maintaining the airworthiness of the helicopter pursuant to 14 CFR Part 43, 14 CFR Part 135, and 14 CFR Part 145. Further, the claims of Alleman in this Cross-Claim cannot be the basis for a "failure to warn" claim.

**EIGHTH DEFENSE**

Bell states the owner and operator of the helicopter aircraft being used by Alleman's Decedent at the time of the Incident was a sophisticated and knowledgeable user of the helicopter, maintaining the airworthiness of the helicopter pursuant to an Approved Aircraft Inspection Program, Revision 8 [AAIP], submitted by Air Evac EMS, Inc. and approved by the Federal Aviation Administration under 14 CFR Part 135. Bell states that inspection and maintenance procedures are commonly known by aircraft maintenance organizations operating under AAIP such as the employer of Alleman's Decedent, using mechanics who are trained according to and who hold aviation mechanic certificates issued by the Federal Aviation Administration. Bell states that the aircraft and component parts alleged in Alleman's Cross-Claim as having been involved in the Incident which is the subject of this civil action were inspected by the AirEvac EMS, Inc. certified aviation mechanics before the Incident which is the subject of Alleman's Cross-Claim. Therefore, the claims of Alleman in this Cross-Claim cannot be the basis for "failure to warn" claim.

**NINTH DEFENSE**

Bell states that the owner and operator of the helicopter aircraft being used by Alleman's Decedent at the time of the Incident was a sophisticated and knowledgeable user of the helicopter, performing major alterations pertaining to the airworthiness of the helicopter in question as a Certified Repair Facility approved by the Federal Aviation Administration under 14 CFR Part 145. Therefore, the claims of Alleman in this Cross-Claim cannot be the basis for "failure to warn" claim.

## TENTH DEFENSE

Bell states that at the time, at the place, and upon the occasion complained of by Alleman, the aircraft engine and/or components described in Alleman's Cross-Claim may not have been in the original unaltered and unmodified condition; that if unauthorized alterations and modifications, including failure to observe routine care and maintenance, had been made to said aircraft or its component parts, and that such unauthorized alterations or modifications were a substantial cause of the occurrence which caused the injuries and damages complained of by Alleman.  Bell pleads and relies upon the same, both under the common law and the Kentucky Product Liability Act, KRS §411.300 *et seq.*, as a complete bar to Alleman's Cross-Claim.

## ELEVENTH DEFENSE

Bell states that the aircraft and/or components described in Alleman's Cross-Claim were designed and manufactured in conformity with the airworthiness certificate and type certificate issued under Section 603(a) of the Federal Aviation Act of 1958. Bell states the claims of Alleman are preempted pursuant to Federal Law. Bell pleads and relies upon the same as a complete bar to Alleman's Cross-Claim.

## TWELFTH DEFENSE

As a further defense, Bell avers that Alleman's claims for punitive damages, without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate Bell's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Kentucky Constitution.

**THIRTEENTH DEFENSE**

As a further defense, Bell avers that the claim for punitive damages violates the Due Process Clause of the Fifth Amendment of the Constitution of the United States, the Sixth Amendment, the right to trial by jury of the Seventh Amendment as applied on quasi criminal actions of the proportionality principles contained in the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment, Article 1, Sections 1, 14, 16, 20, and 21, for the following reasons, jointly and separately:

1.     The procedures to be followed would permit the award of multiple punitive damages for the same act or omission.

2.     There are no provisions for clear and consistent appellate standards of review of any award of punitive damages against Bell under present Kentucky law.

3.     The standards of conduct upon which punitive damages are sought against Bell are vague and ambiguous.

4.     The procedures used by Kentucky courts, and guidelines given to the jurors, jointly and separately, are vague and ambiguous and thus impermissibly delegate to jurors basic policy matters, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notions of what the law should be instead of what it is; and fail to eliminate the effects of, and to guard against, impressionable juror passion.

5.     Present Kentucky law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, the amount to be awarded.

6.     Present Kentucky law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages.

7.    Present Kentucky law does not provide for adequate and independent review by the trial court and the appellate court for the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury.

**FOURTEENTH DEFENSE**

As a further defense, Bell avers that the imposition of punitive damages in this case violates the Equal Protection Cause of the Fifth and Fourteenth Amendments of the Constitution of the United States and deprives Bell of the right to equal protection under the laws provided in Article 1, Sections 1, 14, and 21 of the Constitution of Kentucky for the following reasons, jointly and separately:

1.    The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure the equality of treatment between and amount similarly situated civil defendants.

2.    Bell, without procedural protections, is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

**FIFTEENTH DEFENSE**

As a further defense, Bell avers that Alleman's demands for punitive damages are unconstitutional under the Constitution of Kentucky in that it violates Article 1 and 14, by claiming punitive damages which are penal in nature while the damages are compelled to disclose documents and/or other evidence without a constitutional safeguard against self-incrimination.

### SIXTEENTH DEFENSE

Alleman's claims are barred and/or limited, in whole or in part, by the contributory and/or comparative negligence of Alleman.

### SEVENTEENTH DEFENSE

Alleman's claims may be barred, in whole or in part, by the doctrines of contributory negligence, superseding and/or prior negligence, and/or comparative negligence.

### EIGHTEENTH DEFENSE

Alleman's claims may be barred, in whole or in part, by misuse, abuse, alteration, or modification of the product at issue.

### NINETEENTH DEFENSE

The presumptions and defenses provided by the Kentucky Products Liability Act, KRS § 411.300, *et seq*. bar recovery under Alleman's Cross-Claim.

### TWENTIETH DEFENSE

The damages and injuries claimed by Alleman may have been caused or brought about by the active and primary negligence, or the intervening and superseding negligence or acts, of other defendants or third parties over whom Bell has no control, and for which Bell has no liability.

### TWENTY-FIRST DEFENSE

The negligence of others may have been active and primary in causing the injuries and damages about which Alleman complains, and if Bell is adjudged liable, others are primarily liable.  Bell may accordingly be entitled to apportionment or indemnity.

### TWENTY-SECOND DEFENSE

Bell states that at the time, at the place, and upon the occasion complained of by Alleman, the Alleman's Decedent and the flight crew were engaged in a joint enterprise, such

that any negligence of any one member of the joint enterprise is imputed to the others, barring Alleman's claims in whole or in part.

### TWENTY-THIRD DEFENSE

If Bell is found to have any liability, which is specifically denied, then such liability is several only, and any such liability, which is specifically denied, shall be subject to an apportionment of fault under KRS 411.182 in comparison to the fault of all third-persons, parties, and non-parties.

### TWENTY-FOURTH DEFENSE

To the extent that any unidentified person or entity exists who has paid any amounts to or for the benefit of Alleman, on account of the Incident or injuries alleged in Alleman's Cross-Claim, and who has not been properly notified of his or her subrogation rights, Alleman has failed to comply with KRS 411.188, and the Cross-Claim is barred.  Alternatively, Alleman is precluded from recovery of benefits which were the subject of subrogation rights, and those payments made for the benefit of Alleman are admissible facts.  Moreover, to the extent that such a person or entity exists, Alleman is not the real party in interest to the extent of any such payments.

### TWENTY-FIFTH DEFENSE

Alleman has a duty to mitigate their damages, if any.  To the extent Alleman has failed in their duty to mitigate, their damages must be reduced accordingly.

### TWENTY-SIXTH DEFENSE

Alleman's claims are barred either in whole or in part by disclaimers, limitations, and exclusions of warranty.

## TWENTY-SEVENTH DEFENSE

Alleman's claims may be barred by the doctrines of estoppel, release, or waiver.

## TWENTY-EIGHTH DEFENSE

Bell has at all relevant times acted in compliance with all statutes and regulations of the United States and relies upon all defenses available to it therein.

## TWENTY-NINTH DEFENSE

Bell has at all relevant times acted in compliance with all statutes and regulations of the Commonwealth of Kentucky, and relies upon all defenses available to it therein, including but not limited to Kentucky's Workers' Compensation Act, KRS § 342.0011, *et seq.* and the Up the Ladder defense.

## THIRTIETH DEFENSE

Alleman's claims fail to establish the essential elements of gross negligence, oppression, or malice required, and they are therefore not entitled to punitive damages as a matter of law.

## THIRTY-FIRST DEFENSE

To the best of its knowledge and belief, Bell has at all relevant times acted within the state of the art and the standard of the industry.

## THIRTY-SECOND DEFENSE

Alleman's claims are barred, in whole or in part, by their assumption of the risk.

## THIRTY-THIRD DEFENSE

Alleman's claims are barred and/or limited by § 402A of the Restatement (Second) of Torts and its state counterparts.

## THIRTY-FOURTH DEFENSE

At all relevant times, the product at issue was accompanied by proper directions for use, pursuant to generally recognized prevailing standards in existence at the time. The warnings and instructions on the product were not the proximate cause of any injury alleged by Alleman.

## THIRTY-FIFTH DEFENSE

Any alleged product defect, negligence, or breach of warranty was not the proximate cause of the injuries alleged by Alleman.

## THIRTY-SIXTH DEFENSE

Alleman's claims may be barred, in whole or in part, because Bell acted reasonably and in good faith.

## THIRTY-SEVENTH DEFENSE

Alleman's claims may be barred, in whole or in part, because Alleman did not reasonably rely on any representation or omission by Bell.

## THIRTY-EIGHTH DEFENSE

Alleman's claims for breach of warranty, express or implied, are barred by the applicable provisions of the Uniform Commercial Code.

## THIRTY-NINTH DEFENSE

Alleman's warranty-based claims are or may be barred, in whole or in part, because Alleman may not have been in privity with Bell.

## FORTIETH DEFENSE

Alleman's warranty-based claims are or may be barred, in whole or in part, because Alleman gave no notice of alleged breach of warranty as required by law.

**FORTY-FIRST DEFENSE**

Alleman's warranty-based claims are barred and/or limited by any and all express conditions or disclaimers given by Bell.

**FORTY-SECOND DEFENSE**

Bell states that the aircraft and/or components described in Alleman's Cross-Claim herein were manufactured and sold under certain written expressed warranty conditions of which the purchaser has or had knowledge, which validly disclaimed and barred, pursuant to the provisions of the Kentucky Commercial Code, Chapter 355 of the Kentucky Revised Statutes, some or all of the allegations of the Alleman herein.

**FORTY-THIRD DEFENSE**

Bell reserves the right to file further pleadings and assert other defenses in this action based on legal theories that may or will be divulged through clarification of Alleman's Cross-Claim, through discovery, or through further legal analysis of Alleman's Cross-Claim legal claims. Similarly, Bell reserves the right to assert complaints, counterclaims, cross-claims and third-party claims, as necessary.

WHEREFORE, Defendant, Bell Textron Inc., respectfully requests that:

1.      Alleman's Cross-Claim be dismissed with prejudice;

2.      Its costs herein expended, including reasonable attorney's fees;

3.      Indemnity, contribution, offset and/or apportionment where appropriate;

4.      For a trial by jury on all issues so triable; and

5.      Any and all other relief to which it is entitled.

Respectfully submitted,

FROST BROWN TODD LLP


*/s/ Casey Wood Hensley*
Jeremiah A. Byrne (KBA #89360)
D. Christopher Robinson (KBA #91570)
Casey Wood Hensley (KBA #88603)
A.  Riley Grant (KBA #100014)
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
Phone: (502) 589-5400
Fax: (502) 581-1087
chensley@fbtlaw.com
rgrant@fbtlaw.com
*Counsel for Bell Textron Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 19, 2025, I electronically filed the foregoing document with the Clerk of the Court using the Court's eFiling system, which will automatically send a Notice of Electronic Filing to all registered users, and I also served a copy of the foregoing document by electronic *or* regular mail to:

Margo L. Grubbs
Grubbs & Landry, PLLC
334 Beechwood Road, Suite 503
Ft. Mitchell, KY 41017
margo@grubbslaw.com
*Counsel for Plaintiff*

Vanita Sharma Fleckinger
6900 Houton Road, Suite 9
Florence, KY 41042
Vanita.fleckinger@gmail.com
*Counsel for Plaintiff*

Michelle Snodgrass-Deimling
Commonwealth Attorney's Office – Campbell County
601 Washington Avenue, Suite 210
Newport, KY 41071
*Counsel for Plaintiff*

Michael G. McQuillen (pro hac vice forthcoming)
John M. Kelly (pro hac vice)
Gregory M. Emry (pro hac vice)
Hinshaw & Culbertson LLP – Chicago
151 N. Franklin Street, Suite 2500
Chicago, IL 60606
mmcquillen@hinshawlaw.com
jkelly@hinshawlaw.com
gemry@hinshawlaw.com
*Counsel for Genesys Aerosystems*

Oliver Perry Wilhite
Jack S. Gatlin
Gatlin Voelker, PLLC
50 E. Rivercenter Boulevard, Suite 1275
Covington, KY 41011
owilhite@gatlinvoelker.com
jgatlin@gatlinvoelker.com
*Counsel for Genesys Aerosystems*

Ashley K. Brown
Graham D. Barth
Ward Hocker & Thornton – Lexington
333 W. Vine Street, Suite 1100
Lexington, KY 40507
abrown@whtlaw.com
graham.barth@whtlaw.com
*Counsel for Van Horn Aviation, LLC*

Brian J. Benoit
Michael S. Daniels
Nicholas E. Pantelopoulos
KMA Zuckert LLP
227 W. Monroe Street, Suite 3650
Chicago, IL 60606
bbenoit@kmazuckert.com
mdaniels@kmazuckert.com
nep@kmazuckert.com
*Counsel for Van Horn Aviation, LLC*

James M. Burd
John H. Dwyer, Jr.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP – KY
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
James.Burd@wilsonelser.com
John.dwyer@wilsonelser.com
*Counsel for Lord Corporation*

Edward L. Metzger III
Omega Law PLLC
P.O. Box 559
Union, KY 41091
lee@nkylaw.net
*Counsel for Judith Alleman*

/s/ Casey Wood Hensley
*Counsel for Bell Textron, Inc.*

0139326.0813787  4905-7770-3043v1