**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**FRANKFORT DIVISION**

HALEY WELSH, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE
OF JAMES D. WELSH, deceased

                                         **Case No. 3:25-CV-00064-GFVT**

**and**

HALEY WELSH, MOTHER AND
GUARDIAN OF A.J.W, a minor, son of James D.
Welsh

     **Plaintiffs,**

**v.**

**BELL TEXTRON INC.,** *et al.*

     **Defendants.**

---

**PLAINTIFF'S SUR-REPLY TO DEFENDANT ESTATE OF GALE E. ALLEMAN, JR.'S**
**REPLY IN FURTHER SUPPORT OF MOTION FOR REMAND OR, IN THE**
**ALTERNATIVE, TO DISMISS**
**AND INCORPORATED MEMORANDUM OF LAW**

---

COMES NOW, Plaintiff Haley Welsh, individually and as Administratrix of the Estate of

James D. Welsh, deceased, and as Mother and Guardian of A.J.W., a minor, by and through the

undersigned counsel, pursuant to 28 U.S.C. § 1447(c), and hereby respectfully submits this

response to Defendant Estate of Gale E. Alleman, Jr.'s ("Alleman") Reply [DE 39] and

respectfully requests this Honorable Court consider this Response.

**I.  INTRODUCTION**

While it is not procedurally the norm to file a response to a Reply, it is necessary in this

matter and Plaintiff urges this Honorable Court to consider it since Alleman's reply

mischaracterizes Welsh's position. Welsh did not fail to oppose dismissal; rather, Welsh addressed

the substantive merits of Alleman's workers' compensation exclusivity argument in her own Motion to Remand [DE 27], which was filed contemporaneously with the briefing schedule on Alleman's motion. Welsh respectfully submits that this Court has before it all necessary briefing to resolve the legal issues presented.

## II. LEGAL ARGUMENT

### a. Welsh Has Adequately Responded to Alleman's Motion to Dismiss

Alleman incorrectly asserts that Welsh "filed no memorandum opposing dismissal and did not address dismissal standards." [DE 39 at 2]. This assertion ignores that Welsh filed her own Motion to Remand [DE 27] on December 9, 2025, which directly addresses the workers' compensation exclusivity issue that forms the basis of Alleman's dismissal argument. Welsh's motion squarely confronted the legal question of whether her claims against Alleman fall within the "willful and unprovoked physical aggression" exception to the Kentucky Workers' Compensation Act ("KWCA").

Welsh's failure to file a separate response styled as an opposition to Alleman's motion does not constitute abandonment of her position or concession of the legal issues. The substance of Welsh's position is fully articulated in her Motion to Remand, which this Court has under advisement. Federal courts routinely consider arguments presented across multiple related filings when resolving interconnected legal issues.

### b. Welsh Has Stated a Colorable Claim Against Alleman Under the KWCA Exception

Alleman argues that the "willful and unprovoked physical aggression" exception to KWCA exclusivity is "narrow" and limited to "intentional acts of physical violence or hostility." [DE 39

at 3]. However, Alleman's characterization oversimplifies Kentucky law and ignores the factual allegations in Welsh's Complaint.

The exception under KRS 342.690(1) provides that the exclusive remedy provisions of the KWCA "shall not apply to an injury... caused by the willful and unprovoked physical aggression of a fellow employee." Kentucky courts have recognized that this exception applies where a co-employee's conduct involves more than mere negligence and demonstrates a conscious disregard for known risks that results in physical harm.

Welsh's Complaint alleges facts sufficient to support application of this exception, including allegations that pilot error and deviations from established safety protocols contributed to the fatal helicopter crash. [DE 1-2 at ¶¶ 19, 104, 105]. Whether these allegations ultimately satisfy the "willful and unprovoked physical aggression" standard is a question best resolved after discovery and with a fully developed factual record. At this preliminary stage, Welsh need only demonstrate a colorable claim—a standard she has met.

Alleman relies heavily on cases involving simple negligence or workplace accidents. *See*, e.g., *Estate of Shearer v. T&W Tool & Die Corp.,* No. 08-175-KSF, 2008 WL 2891168 (E.D. Ky. July 24, 2008). The Shearer case is instructive in demonstrating the distinction between Welsh's allegations and ordinary workplace negligence. In *Shearer*, the plaintiff alleged that a human resources director "was negligent because she failed to have reasonable and adequate first aid supplies in the close proximity and readily available to treat Ms. Shearer at the time of the accident, and because she failed to adequately train and instruct employees with respect to the location of first aid supplies and how to assess and address emergency situations." *Estate of Shearer v. T & W Tool & Die Corp.*, No. 08-175-KSF, 2008 U.S. Dist. LEXIS 56435, at *10 (E.D. Ky. July 24,

2008). Those allegations plainly concerned routine safety protocols and training deficiencies, classic examples of workplace negligence.

In contrast, Welsh's allegations involve a helicopter pilot's conduct during flight operations that allegedly deviated from established safety protocols and caused or contributed to a fatal crash. Unlike administrative failures to maintain first aid supplies or provide training, Welsh's claims implicate active conduct during the operation of inherently dangerous equipment under circumstances that may demonstrate conscious disregard for known risks. These allegations go beyond routine negligence and implicate questions of willful conduct that cannot be resolved on the pleadings alone. The determination of whether Alleman's conduct constitutes "willful and unprovoked physical aggression" requires factual development that is inappropriate at this stage of litigation.

### c.  Alleman's Request for Remand Is Well-Taken

To the extent this Court determines that Welsh has stated a colorable claim against Alleman, as Welsh respectfully submits she has, then Alleman's presence as a non-diverse defendant destroys complete diversity jurisdiction. Alleman did not consent to removal, and her joinder was proper under Kentucky law. Accordingly, remand to Owen Circuit Court would be appropriate under 28 U.S.C. § 1447(c).

Welsh joins in Alleman's alternative request for remand, which is consistent with Welsh's own Motion to Remand [DE 27]. Both Welsh and Alleman agree that if the Court finds Welsh has stated a viable claim against Alleman, this matter must be remanded to state court.

### III. CONCLUSION

The procedural posture of this case do not obscure the fundamental legal question: whether Welsh has alleged facts sufficient to bring her claims against Alleman within the "willful and

unprovoked physical aggression" exception to workers' compensation exclusivity. Welsh respectfully submits that she has met this threshold burden, and that further factual development is necessary to resolve this question definitively.

**WHEREFORE**, Plaintiff Haley Welsh, individually and as Administratrix of the Estate of James D. Welsh, deceased, and as Mother and Guardian of A.J.W., a minor, respectfully requests that this Court:

1. Grant remand to Owen Circuit Court;

2. Deny Alleman's motion to dismiss;

3. Rule upon Welsh's Motion to Remand [DE 27] and Alleman's Motion to Remand [DE 18] together, as both motions present overlapping legal issues concerning this Court's jurisdiction and the propriety of Alleman as a defendant; and

4. Grant Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ MARGO L. GRUBBS
MARGO L. GRUBBS, ESQ. (KBA # 27515)
Grubbs & Landry, PLLC
334 Beechwood Road, Suite 503
Ft. Mitchell, KY 41017
Ph: 859-341-2500
Fax: 859-341-2344
margo@grubbslaw.com
Counsel for Plaintiffs

/s/ MICHELLE SNODGRASS
MICHELLE SNODGRASS (KBA # 87531)
334 Beechwood Road, Suite 503
Ft. Mitchell, KY 41017
Ph: 859-412-0412
michelle@michellesnodgrasslaw.com
Counsel for Plaintiffs


/s/ VANITA S. FLECKINGER
VANITA FLECKINGER (KBA # 87669)
Fleckinger Law, PLLC
334 Beechwood Road, Suite 503
Ft. Mitchell, KY 41017
Ph: 859-372-6650
vanita@fleckingerlaw.com
Counsel for Plaintiffs


## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will automatically send a Notice of Electronic Filing to all registered users.

/s/ MARGO L. GRUBBS
MARGO L. GRUBBS, ESQ. (KBA # 27515)