UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| HALEY WELSH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:25-cv-00064-GFVT |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| BELL TEXTRON, INC., *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This case involves a tragic helicopter crash that resulted in the death of three people working as part of a medevac team. The spouse of one of those decedents, Plaintiff Haley Welsh, brought a 14-count complaint in the Owen Circuit Court against several defendants on theories of product liability, negligence, and loss of consortium. All but one of the defendants are corporate entities. The corporate defendants removed this matter to federal court on November 13, 2025, citing diversity jurisdiction. But there is one problem—they did not seek the consent of the non-corporate defendant, Judith Alleman, representing the estate of the helicopter's pilot, Gale Alleman. Defendant Alleman moved to remand this case to state court, noting that Alleman and Welsh are both residents of Kentucky. In the alternative, Alleman asks this Court to dismiss the claims against the Alleman Estate. Plaintiff Welsh then filed her own motion to remand. The corporate defendants responded jointly to these motions, arguing that the claims against Alleman should be dismissed because Welsh fraudulently joined Alleman in order to destroy diversity. Because the Court agrees that Welsh has no colorable cause of action against the Alleman Estate, the Court **DENIES** the motions to remand and dismisses the claims against Defendant Alleman.

## I

The factual basis of this lawsuit involves a terrible accident that occurred on October 7, 2024. Pilot Gale E. Alleman, Jr., flight nurse Bethany J. Aicken, and flight medic James D. Welsh were part of an Air Evac Lifeteam medical team operating a Bell 206L-3 helicopter that day. [R. 1-2 at 6]. At the time of the crash, the helicopter was circling and preparing to land near the Owen County High School. [*Id.*]  At approximately 5:30 PM, the helicopter crashed, caught fire, and erupted in flames. [*Id.*] Alleman, Aicken, and Welsh all perished. [*Id.*]

Haley Welsh filed this lawsuit on October 6, 2025, in the Owen Circuit Court.[1] In a 14-count complaint, Welsh brought claims for negligence and product liability against Bell Textron, Inc., Genesys Aerosystems, Van Horn Aviation, LLC, Lord Corporation, and XYZ Corporation.[2] [*See* R. 1-2 at 3–4]. Welsh also brought claims against the estate of Gale Alleman for pilot error (Count 8), wrongful death (Count 12), loss of consortium (Count 13), and loss of parental consortium (Count 14). On November 13, 2025, the corporate defendants removed the case to federal court, arguing that diversity existed among the properly joined defendants and that all properly joined defendants consented to removal. [R. 1 at 7].

The corporate defendants did not seek the consent of the Alleman Estate before removing to federal court because they claim that Welsh fraudulently joined the Alleman Estate. They argue that, under the Kentucky's Workers' Compensation Act, workers compensation is the only

---

[1] Welsh filed the lawsuit individually and as the administratix of the estate of James D. Welsh as well as the mother and guardian of A.J.W., the minor son of James Welsh. For the purpose of clarity, this Memorandum Opinion refers to Welsh as a singular plaintiff despite the fact that she brings this lawsuit individually, as an administratix of James Welsh's estate, and as the mother of a minor co-plaintiff, A.J.W.

[2] Welsh also named as defendants several entities of Sarasota Avionics. Plaintiff voluntarily dismissed the claims against these plaintiffs on October 31, 2025, and November 3, 2025, in the Owen Circuit Court before removal occurred. [R. 1-1]. Further, XYZ Corporation is a placeholder for an "unknown entity or entities that designed, manufactured, and/or supplied replacement parts that caused or contributed to severe vertical vibrations in the Bell 206L-3 model involved in the crash." [R. 1-2 at 5].

remedy for an employee who suffered an injury that arose out of and in the course of their employment. [*Id.* at 4]. The statute includes an exception that permits a suit in tort if the injury resulted from a co-worker's willful and unprovoked physical aggression, known as the deliberate intention exception. [*Id.*] The corporate defendants argue that this exception does not apply and accordingly Welsh cannot bring a negligence action against the Alleman Estate as both Alleman and Welsh were employees of AirEvac at the time of the accident.

Defendant Alleman first filed her motion for remand or, in the alternative, to dismiss on December 1, 2025. [R. 18]. Alleman argues that both Alleman and Welsh are citizens of Kentucky and thus there is not complete diversity among the parties. Alternatively, Alleman adopts the argument that Welsh's claims against Alleman are legally barred under Kentucky's workers' compensation statute and therefore cannot support liability. Alleman contends that there are only two possible outcomes in light of her motion: Either the Court accepts that Alleman is a properly joined defendant, in which case the lawsuit must proceed in state court, or the Court determines that Welsh fraudulently joined Alleman and the claims against Alleman must be dismissed.

Welsh then filed her own motion to remand on December 9, 2025. [R. 27]. Welsh argues that the removing corporate defendants have not met their burden of establishing fraudulent joinder and that Alleman is a properly joined party under the deliberate intention exception to Kentucky's workers' compensation law. Welsh argues that the exception "provide[s] the required 'glimmer of hope' for recovery, precluding any finding of fraudulent joinder." [*Id.* at 4]. Alternatively, Welsh moves the Court to stay the proceedings in order for the National Transportation Safety Board to complete its investigation. [*Id.* at 4–5]. According to Welsh, the Board assumed "exclusive custody and control over the helicopter wreckage and logbook and

3

has continued to deny all requests for Plaintiff's expert to inspect either." [*Id.* at 4]. Welsh argues that a stay would allow the Board to complete its investigation and that the results of the investigation could determine whether diversity exists in this matter. [*Id.* at 5].

The corporate defendants responded jointly to the remand motions, again arguing that Kentucky's workers' compensation law precludes any recovery by Welsh against Alleman. [R. 32]. Additionally, the corporate defendants suggest that the logic of Welsh's position is inconsistent with her own Complaint as plead. [*See id.* at 13–14]. "Plaintiffs' reliance on mutually exclusive theories of intentional misconduct by the pilot and product defect by Bell and other defendants demonstrates that their claims against the Alleman Estate lack any possibility of success under Kentucky law." [*Id.* at 13]. On reply, Defendant Alleman supported the corporate defendants' arguments for dismissal while further stating that Welsh did not challenge Alleman's alternative request for dismissal from the action. [R. 39]. Welsh did not file a reply in support of her motion for remand but did file a tendered sur-reply to clarify her position that she adequately responded to Alleman's motion to dismiss. [R. 40]. The Court accepts the sur-reply despite its filing outside of the deadline period to reply to a motion as enumerated by Local Rule 7.1(c). The motions to remand are fully briefed and ripe for adjudication.

## II

### A

The primary issue before the Court is whether Welsh fraudulently joined Alleman in order to deny federal jurisdiction to the corporate defendants. A district court only enjoys diversity jurisdiction under 28 U.S.C. § 1332 where complete diversity exists between the parties, meaning that no defendant can share citizenship with the plaintiff. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). Complete diversity exists between Welsh and the corporate

4

defendants, but not between Welsh and Alleman. The defendants argue that fraudulent joinder applies and asks the Court to dismiss the claims against Alleman and allow the case to continue in federal court under 28 U.S.C. § 1332.

The corporate defendants removed this action without the consent of Alleman. Generally, a defendant seeking removal to federal court must obtain the consent of all other "properly joined and served" defendants to ensure the motion is unanimous. 28 U.S.C. § 1446(b)(2)(A). This "rule of unanimity" ensures that all defendants have a say before a state case involving their interests enters the federal system. *See, e.g., Farnsworth v. Nationstar Mortgage, LLC*, 569 F. App'x 421, 424 (6th Cir. 2014). By its terms, however, § 1446(b)(2)(A) only requires the consent of properly joined defendants. The consent of a fraudulently joined defendant is not necessary. *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015).

The doctrine of fraudulent joinder holds that federal courts can remove a non-diverse defendant from the case if the case against that non-diverse defendant is "so frivolous that its only conceivable purpose is to destroy diversity and prevent removal." *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 592 (E.D. Ky. 2011). All disputed questions of fact and any ambiguities in the governing state law are resolved in favor of the party seeking remand. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The corporate defendants bear a heavy burden in demonstrating fraudulent joinder. *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 489–90 (6th Cir. 2013). If Welsh has even a "glimmer of hope" of succeeding on her claims against Alleman, then the Court must remand the case back to the state court system. *Murriel-Don*, 790 F. Supp. 2d at 597. The Sixth Circuit requires the removing party to show that the case against the non-diverse defendant is frivolous by "establishing that

5

the plaintiff has 'no colorable cause of action' against the non-diverse defendant." *Id.* at 594

(citing *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009)).

Defendants argue that the Kentucky Workers' Compensation Act bars Welsh's claims

against the Alleman Estate. Ky. Rev. Stat. § 342.690(1) provides that the Act "is the exclusive

remedy for an employee who is injured while working for an insured or self-insured employer."

*Jones v. Dougherty*, 412 S.W.3d 188, 192 (Ky. Ct. App. 2012). This means that an insured

employer is exempt from liability for injuries that occur to employees during the course of their

employment. *Id.* The Act does contain an important exception, though, noting that the liability

exemption "shall not apply in any case where the injury or death is proximately caused by the

*willful and unprovoked physical aggression* of [an] employee, officer, or director." Ky. Rev.

Stat. § 342.690(1) (emphasis added) (citation modified). In other words, a plaintiff can sue in tort

for "intentional attack[s] or act[s] of hostility, with or without malice, by a co-employee that was

not instigated or caused by the injured employee." *Jones*, 412 S.W.3d at 193. Courts refer to this

provision as the deliberate intention exception.

Kentucky courts construe the deliberate intention exception narrowly. *Meade v. Arnold*,

643 F. Supp. 2d 913, 919 (E.D. Ky. 2009) (collecting cases). As an initial matter, co-workers

"are granted the same immunity as the employer which is immunity from a common law claim

by an injured worker." *Kearns v. Brown*, 627 S.W.2d 589, 590 (Ky. Ct. App. 1982). The

Kentucky Supreme Court has held that the deliberate intention exception applies only where the

employer or co-worker sets out to intentionally injure the plaintiff employee. *Fryman v. Electric

Steam Radiator Corp.*, 277 S.W.2d 15, 26 (Ky. 1955) (citation modified). In contrast, the

deliberate intention exception does not apply to conduct that is "reckless, wanton or negligent"

that "as a byproduct, may have injured" the plaintiff. *Meade*, 643 F. Supp. 2d at 919. The Sixth

6

Circuit, evaluating the statute, similarly confirmed that the exception does not apply to reckless or wanton behavior. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 536 (6th Cir. 1999). Instead, a reasonable inference must exist that the defendant co-worker intended to injure or kill the plaintiff in order for the deliberate intention exception to apply. *Id.*

The Court first looks to Welsh's complaint. Welsh brings a common law negligence claim against Alleman for pilot error in Count 8, alleging that Alleman "breached the duty of standard of [sic] reasonable care by failing to act or otherwise deviating from regulatory standards" and that his "negligent act or omission was a direct, proximate cause, or contributing factor" of the crash. [R. 1-2 at 15]. In Count 12, Welsh alleges that the negligence and wrongful acts of "Bell, et al.," including Alleman, caused Welsh's death. [*Id.* at 17]. Counts 13 and 14 bring loss of consortium claims against all defendants, including Alleman. [*Id.* at 18]. From the face of the complaint, Welsh has plead no facts indicating that Alleman intentionally set out to injure or kill Alleman. Indeed, the complaint sounds in common law tort, alleging general negligence that as a byproduct may have killed Welsh. *Meade*, 643 F. Supp. 2d at 919.

Citing no legal authority, Welsh argues that "Kentucky courts interpret [the deliberate intention] exception broadly to include deliberate or conscious disregard for known safety risks[.]" [R. 27 at 4] (citation modified). This is an incorrect reading of the law. First, Kentucky courts interpret the exception narrowly. *Meade*, 643 F. Supp. 2d at 919. Second, Kentucky courts and federal courts applying Kentucky law explicitly hold that the exception does not include deliberate or conscious disregard for known safety risks. *See McCray v. Davis H. Elliott Co.*, 419 S.W.2d 542, 544 (Ky. 1967) (holding the deliberate intention exception barred tort claim against employer who forced deceased worker to work on a dangerous electrical pole that caused electrocution and death); *Moore v. Environmental Constr. Corp.*, 147 S.W.3d 13, 16–17 (Ky.

7

2004) (holding that defendant's failure to follow a safety statute was not done with the deliberate intention to produce plaintiff's death, and thus the Act barred tort liability); *Brierly*, 184 F.3d at 536 (reckless actions of defendant were not intentional and thus the Act alone provided exclusive remedy against fellow employee who caused death); *Fryman*, 277 S.W.2d at 26 (even though employer knew that the machine that injured plaintiff was dangerous and failed to warn the employee, there was no evidence the employer determined to injure the employee). The exception only covers a co-worker's or employer's deliberate, intentional acts to cause harm to the plaintiff.

Welsh's claims for pilot error and the breach of regulatory and professional standards governing safe helicopter operation plainly sound in common law tort. Workers' compensation is the exclusive remedy for an employee who suffered an injury that arose out of and in the course of their employment. *Meade*, 643 F. Supp. 2d at 916. The death of Welsh and Alleman clearly occurred in course of their employment by AirEvac. The record shows that AirEvac had workers' compensation coverage at the time of the accident, bringing them under the liability protections of the Act. [*See* R. 32-2]. The estates of Welsh and Alleman received workers' compensation claims acknowledging that the respective decedents were employees of AirEvac. [R. 32-3; R. 32-4]. Welsh further cannot prosecute the remaining consortium claims against Alleman because "one may not recover for the loss of consortium—spousal or parental—where an injured employee has elected coverage under the [KWCA]." *Hardin v. Action Graphics, Inc.*, 57 S.W.3d 844, 846 (Ky. Ct. App. 2001).

Welsh argues that the existence of the deliberate intention exception provides her with the "glimmer of hope" sufficient to overcome a claim of fraudulent joinder. [R. 27 at 4]; *Murriel-Don*, 790 F. Supp. 2d at 597. But there is a problem: In her complaint, Welsh does not allege that

Gale Alleman deliberately crashed the helicopter. She only alleges that his negligence resulted in the crash. [R. 1-2 at 14–16]. Welsh has not plead any facts sufficient to overcome the Kentucky Workers' Compensation Act's deliberate intention exception. There is no colorable basis for predicting that Welsh may recover against Alleman, the non-diverse defendant. *Coyne*, 183 F.3d at 493. The Court, upon examining the record, concludes that Welsh cannot establish a cause of action against Alleman under state law, thereby permitting removal of this action to federal court. *Id.*

**B**

Alternatively, Welsh moves for the Court to stay all proceedings during the duration of the National Transportation Safety Board's investigation. [R. 27 at 4–5]. Welsh argues that a stay until the conclusion of the Board's investigation affords the parties "a reasonable opportunity to inspect and test the wreckage and logbook, critical evidence directly bearing on causation and liability." [*Id.* at 5]. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The Court, in its judgment, does not feel that a stay of proceedings is appropriate at this time. *Landis*, 299 U.S. at 254–55. The Court will order the parties to engage in a Rule 26(f) conference. The parties can negotiate their discovery plan and timeline with the Board's ongoing investigation in mind. The Court grants leave for Welsh to refile the motion to stay after the entry of the scheduling order and will accept briefing from the parties on the question of whether a stay is appropriate in light of the circumstances of the Board investigation.[3]

---

[3] The parties can, of course, file a Joint Agreed Order to this effect should they agree that a stay is appropriate.

## III

Accordingly, and the Court being sufficiently advised, it is hereby ORDERED as follows:

1. Plaintiff Welsh's Motion to Remand **[R. 27]** is **DENIED**.

   a. Plaintiff Welsh is granted **LEAVE** to file a renewed Motion to Stay after the entry of the Scheduling Order.

2. Defendant Alleman's Motion to Remand or, in the Alternative, to Dismiss **[R. 18]** is **GRANTED in part** to the extent that the Court grants the dismissal of all claims against Defendant Alleman.

3. All claims in this matter by Plaintiff Welsh against Defendant Estate of Gale E. Alleman, Jr., Deceased, are **DISMISSED with prejudice**.

4. All remaining defendants having answered Welsh's complaint, the Court will enter an Order for Meeting and Report contemporaneous with the entry of this Memorandum Opinion and Order.

This 25th day of March, 2026.

Gregory F. Van Tatenhove
United States District Judge

10