UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| HALEY WELSH, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:25-cv-00064-GFVT |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| BELL TEXTRON, INC., *et al.,* | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on two related matters: first, Plaintiff Haley Welsh's Motion for relief from judgement pursuant to Fed. R. Civ. 60(b)(6), seeking relief from the portion of this Court's Order that dismissed all claims against Defendant Estate of Gale Alleman, Jr., with prejudice; and second, Defendant Bell Textron Inc.'s response to that motion seeking clarification. For the reasons that follow, the Court **DENIES** Welsh's motion.

**I**

Welsh brought this action against Bell Textron Inc., *et al.*, arising from the events of a tragic helicopter crash that resulted in the deaths of three people working as part of a medevac team. *See* [R. 42 at 2–4]. The Court previously dismissed all claims against the Alleman Estate with prejudice upon finding that Welsh could not establish a viable cause of action against the Alleman Estate under Kentucky law. [R. 42]. Specifically, this Court held that the Alleman Estate was entitled to the exclusive remedy protection afforded by the Kentucky Workers' Compensation Act ("KWCA"), Ky. Rev. Stat. § 342.690(1), and that the Alleman Estate had been fraudulently joined for purposes of destroying diversity jurisdiction. [*Id.*]

Welsh now moves this Court under Fed. R. Civ. P. 60(b)(6) to amend that Order and modify the dismissal to one without prejudice. The Alleman Estate filed a response brief. [R. 55].

Bell Textron, in its own response brief, asked for clarification that the dismissal order does not constitute a determination on the merits of Alleman's fault, negligence, or any causation, and that all remaining parties retain the right to seek apportionment of fault against the Alleman Estate at trial. [R. 57]. Plaintiff did not timely file a reply brief. The matter is now fully briefed and ripe for adjudication.

## II

### A

#### 1

Federal Rule of Civil Procedure 60(b)(6) permits a court to relieve a party from a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This catch-all provision is deliberately narrow in scope. The Sixth Circuit has long held that Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir. 1989) (citing *Pierce v. United Mine Workers,* 770 F.2d 449, 451 (6th Cir. 1985), *cert. denied,* 474 U.S. 1104 (1986)). The provision exists "as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present," and that "something more" must include "unusual and extreme situations where principles of equity mandate relief." *Ford Motor Co. v. Mustangs Unlimited, Inc.,* 487 F.3d 465, 468 (6th Cir. 2007) (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). The Supreme Court has likewise confirmed that such extraordinary circumstances rarely occur. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *see also Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 873 (1988) (Rehnquist, J., dissenting) (noting that a "very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved.").

2

Critically, Rule 60(b)(6) and subsections (b)(1) through (b)(5) are mutually exclusive. *Liljeberg*, 486 U.S. at 863, n.11. Relief is available under subsection (b)(6) only in the event that none of the grounds set forth in clauses (b)(1) through (b)(5) are applicable. *See Olle*, 910 F.2d at 365. A movant cannot circumvent the limitations of those specific provisions by repackaging a claim under the catch-all. *Liljeberg*, 486 U.S. at 863, n.11 (stating that "a party may not avail himself of the broad 'any other reason' clause of 60(b) if his motion is based on grounds specified in" in other clauses.). District courts granting Rule 60(b)(6) relief must make an explicit determination that the circumstances are extraordinary or exceptional, supported by specific reasoning. *Ford Motor Co.*, 487 F.3d at 470.

Welsh's motion does not meet the high threshold for Rule 60(b)(6) relief. Welsh has not identified any extraordinary or exceptional circumstance that prevented full and fair litigation of the claims against the Alleman Estate. The dismissal was based on a settled application of KWCA exclusivity principles under Ky. Rev. Stat. § 342.690(1), and the fraudulent joinder doctrine. These are legal determinations made by the Court after extensive briefing on the issue by the parties, including the Alleman Estate. Critically, the Court made this determination based on Welsh's own pleadings. *See* [R. 42 at 7] ("From the face of the complaint, Welsh has plead no facts indicating that Alleman intentionally set out to injure or kill Alleman."). Even under the extraordinarily deferential "glimmer of hope" review of a fraudulent joinder attack, the Court found that Welsh had no colorable basis for predicting that Welsh would recover against the Alleman Estate. [*Id.* at 8–9].

Unlike dismissals grounded solely in lack of jurisdiction, the KWCA-based dismissal here is not the type of non-merits jurisdictional dismissal that categorically requires conversion to without prejudice under Rule 41(b). *See Intera Corp. v. Henderson*, 428 F.3d 605, 620, 621

3

(6th Cir. 2005) (holding that a court dismissing for lack of jurisdiction commits clear error by entering dismissal with prejudice, because such a dismissal cannot reach the merits). The KWCA's exclusive remedy provision is a substantive bar to recovery arising under Kentucky state law, a bar that the Court found applies fully to Welsh's claims. [R. 42]. The dismissal with prejudice reflects the Court's determination that Welsh has no viable cause of action against the Alleman Estate, not merely that this forum was improper.

Welsh presents no newly discovered evidence, no change in controlling law, and no manifest injustice that would justify altering the dismissal order. The finality of the Court's judgment and the strong public policy interest in the conclusiveness of judicial orders counsel against granting relief absent a compelling equitable justification. None is present here. Welsh's Rule 60(b)(6) Motion is accordingly **DENIED**.

**2**

Welsh's motion also fails on an independent and alternative ground raised by the Alleman Estate in their response brief. [R. 55 at 6–7]. The Alleman Estate notes that Welsh could have moved for a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). [*Id.*] The Estate argues that Welsh possessed an adequate procedural remedy in a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) yet made no effort to use it.

Rule 59(e) permits a party to file "a motion to alter or amend a judgment" within 28 days of the entry of judgment. Fed. R. Civ. P. (e). Under Rule 59, Welsh had until the end of April 22, 2026, by which to file a Rule 59(e) motion to amend the Court's dismissal to one without prejudice. Welsh waited until April 29, 2026, to file her Motion for Relief from Judgment, after Rule 59's deadline had lapsed and after the Alleman Estate relied on the finality of the judgment by voluntarily dismissing its crossclaims.

The Supreme Court recently explained in *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1622 (2025), that Rule 59(e), unlike Rule 60(b)(6), "does not threaten the finality of judgments to the same degree," and that a Rule 59(e) movant therefore need not demonstrate extraordinary circumstances to obtain relief. Welsh had access to a lower-barrier remedy, one specifically designed to address the type of post-judgment correction she now seeks, and she did not pursue it. A party who possessed an available procedural remedy and chose not to pursue it cannot later obtain equivalent relief through Rule 60(b)(6)'s extraordinary-circumstances gateway. *See Ackermann v. United States*, 340 U.S. 193, 198 (1950) ("[F]ree, calculated, deliberate choices are not to be relieved from"). The logic of *BLOM Bank* follows that the type of claim here—a modification of the prejudice standard—is more properly a Rule 59(e) motion which merely "suspends the finality of the original judgment" and whose disposition would not threaten the finality of the dismissal. 145 S. Ct. at 1622.

Rule 60(b)(6) is not a mechanism for obtaining, after the fact, the same relief that Rule 59(e) would have provided on a lower showing. To hold otherwise would render the twenty-eight-day deadline of Rule 59(e) effectively optional and would permit litigants to convert every procedural default into a basis for extraordinary relief simply by waiting out the appeal window. That result would undermine the principle of finality that Rule 60(b)(6)'s demanding standard is designed to protect. *Gonzalez*, 545 U.S. at 535. Welsh's motion is therefore denied on this independent and alternative ground.

**B**

This Court made no findings regarding Alleman's fault in connection with the incident giving rise to this litigation, and the clarification sought by Bell Textron is warranted. The question Bell Textron raises is governed by Kentucky's comparative fault statute, Ky. Rev. Stat. §

5

411.182, and is a separate and independent inquiry from direct liability. The answer to that question requires careful attention to a doctrinal framework developed by Kentucky courts for determining when fault apportionment is available in the workers' compensation context, and to the precise relationship between the Alleman Estate and the other parties to this litigation. It is also necessary to clarify the precise posture of the Alleman Estate.

Both Welsh and Alleman were employees of Air Evac Lifeteam at the time of the crash. [R. 42 at 8]. The KWCA immunity that shielded Alleman from Welsh's direct tort claims did not flow from any employer-employee relationship between them. Rather, it flowed from the fact that Ky. Rev. Stat. § 342.690(1) extends to co-employees the same immunity that it affords employers. *Fireman's Fund Ins. Co. v. Sherman & Fletcher*, 705 S.W.2d 459, 461 (Ky. 1986) (the exemption from liability granted to employer by KRS 342.690(1) . . . "shall also extend to such employer's carrier and to all employes, officers or directors of such employer or carrier"); *Brewer v. Hillard*, 15 S.W.3d 1, 6 (Ky. Ct. App. 1999) (the statute "extends the same protection to the fellow employees of an injured worker" as it does to employers); *see also Kearns v. Brown*, 627 S.W.2d 589, 590 (Ky. Ct. App. 1982) ("immunity which is given to employers is extended to fellow employees"). This Court's prior order expressly relied on that co-employee immunity.

A party whose immunity arises from the KWCA, and who has provided workers' compensation coverage to the plaintiff, occupies the position of a settlor tortfeasor under § 411.182(4) and may be subject to fault apportionment through that separate pathway, even though no direct tort claim may be maintained against them. *Dix & Assocs. Pipeline Contractors, Inc. v. Key*, 799 S.W.2d 24, 29 (Ky. 1990); *Owens Corning Fiberglas Corp. v. Parrish*, 58 S.W.3d 467, 479–81 (Ky. 2001). Under subsection (4) of § 411.182, a release, covenant not to

6

sue, or similar agreement discharges the settling party from contribution but reduces the claimant's recovery against remaining defendants by that settling party's equitable share of fault. *Id.* Workers' compensation coverage constitutes such an agreement. It is "a settlement between the employee and the employer whereby the employee settles his tort claim for the amount he will receive as compensation." *Dix*, 799 S.W.2d at 29. The statute does not require that the settling person be joined as a party to the action; "in fact, it implies that the settling person will not be named a party to the action." *Owens Corning*, 58 S.W.3d at 480. KWCA immunity is a statutory bar arising from the Act's compensation bargain.

The structure of the KWCA makes plain that a co-employee stands in the same position as an employer for purposes of the settlor tortfeasor analysis. Section 342.690(1) extends an employer's immunity from tort claims to co-employees as part of the Act's quid pro quo: workers accept the workers' compensation system in exchange for statutory benefits, and employers and co-employees alike exchange tort immunity for participation in that system. *See Labor Ready, Inc. v. Johnston*, 289 S.W.3d 200, 205 (Ky. 2009) ("an employer's immunity follows its liability for workers' compensation benefits"; "most states view co-employee immunity as being part of the quid pro quo for accepting the Workers' Compensation Act"). Because the immunity granted to employers and co-employees under § 342.690(1) is textually identical, a co-employee who shares in that immunity also shares in the settling tortfeasor status that workers' compensation coverage confers. *Id.* Under *Dix* and *Owens Corning*, workers' compensation coverage "constitutes a settlement between the employee and the employer whereby the employee settles his tort claim for the amount he will receive as compensation," and the coverage-providing party "occupies the position of a tort-feasor which has settled the tort claim against it." *Dix*, 799 S.W.2d at 29; *Owens Corning*, 58 S.W.3d at 481. Nothing in that formulation limits the settling-

7

tortfeasor position to employers as opposed to co-employees who share identical immunity under the same coverage arrangement.

The workers' compensation benefits paid to Welsh's estate constitute the functional settlement that triggers § 411.182(4). Holding that employers qualify as settling tortfeasors while co-employees who share the identical statutory immunity under the same coverage arrangement do not, would produce a result that the symmetry of § 342.690(1) does not support. It is also worth noting that apportionment under § 411.182(4) does not impose liability on the absent party under *Owens Corning* and therefore does not abrogate the Alleman Estate's immunity. It simply recognizes that the trier of fact may consider whether a party other than the remaining defendants contributed to the accident.

Non-party status alone does not preclude fault apportionment under § 411.182. *Beverly v. MEVA Formwork Systems, Inc.*, No. 3:08-29-DCR, 2010 WL 2305746, at *2 (E.D. Ky. June 7, 2010). In *MEVA*, the court held that a defendant dismissed from the case on summary judgment could nonetheless be apportioned fault at trial, observing that apportionment is required as to any "party, a dismissed party, or settling nonparty" found to be at fault. *Id.* at *2 (quoting *Asher v. Unarco Material Handling, Inc.*, No. 6:06-548-DCR, 2008 U.S. Dist. LEXIS 46655, at *8 (E.D. Ky. June 14, 2008)). The dismissed party in *MEVA* had no surviving claims against it. Like the Alleman Estate, the party was simply gone from the litigation, yet apportionment remained available. *Id.* at *2. The Alleman Estate occupies the position of a settling nonparty under *Dix* and *Owens Corning*, because the workers' compensation benefits paid to Welsh's estate constitute a functional settlement of the tort claim. A non-party whose workers' compensation coverage constitutes a settlement under Kentucky law can be apportioned fault. The dismissal of the direct claim and the availability of an apportionment instruction are independent of one another.

8

Kentucky and federal courts applying Kentucky law have applied this framework consistently. In *Owens Corning*, the Kentucky Supreme Court upheld a fault apportionment instruction against Louisville Water Company, the plaintiff's employer, which had settled a workers' compensation claim with the plaintiff but was never named as a party to the tort action. 58 S.W.3d at 480–81. The workers' compensation settlement was tantamount to a settlement with a nonparty against whom a claim had been asserted, making apportionment proper notwithstanding the employer's absence from the litigation. *Id.* at 481. A workers' compensation arrangement need not be fully adjudicated prior to trial for the coverage-providing party to qualify as a settling tortfeasor. *MEVA*, 2010 WL 2305746, at *2. The remaining defendant need not formally bring the coverage-providing party back into the action to obtain an apportionment instruction. *Poole v. HEC Leasing, Inc.*, No. 3:22-CV-506-CRS, 2023 WL 6151237, at *3 (W.D. Ky. Sept. 20, 2023).

The Court's dismissal of the claims against the Alleman Estate is not an adjudication that bars apportionment. The Kentucky Supreme Court has recognized that immunity-based dismissals and merits-based dismissals are two distinct categories with different apportionment consequences, observing that apportionment would not be appropriate against a party immune from liability as a matter of law, nor against a party "who has been dismissed on the merits of the claim." *Kentucky Farm Bureau Mut. Ins. Co. v. Ryan*, 177 S.W.3d 797, 803 n.2 (Ky. 2005). That distinction confirms that an immunity dismissal is not a merits adjudication that forecloses fault apportionment. This Court dismissed Welsh's claims against the Alleman Estate not because Alleman was adjudicated fault-free, but because Welsh's complaint sounded in common law negligence and the KWCA's exclusive remedy provision therefore foreclosed any direct tort action. [R. 42 at 7–9]. The Court made no findings regarding whether Alleman bore any share of

9

fault for the crash. [R. 42]. *Ryan*'s recognition that apportionment is barred only where a party has been "dismissed on the merits" does not apply where, as here, the dismissal rested entirely on a statutory bar rather than any adjudication of the underlying conduct.

At this time, the remaining parties are not foreclosed as a matter of law from seeking a fault apportionment instruction as to the Alleman Estate at trial. To obtain such an instruction, the remaining defendants must establish the § 411.182(4) settling-tortfeasor predicate through evidence of workers' compensation benefits paid to Welsh's estate and must present sufficient admissible evidence to support a threshold finding of Alleman's fault. *See Owens Corning*, 58 S.W.3d at 475 ("[f]ault may not be properly allocated to a . . . settling nonparty unless the court or the jury first finds that the party was at fault"). This Court reserves ruling on any apportionment instruction until the appropriate stage of proceedings.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.  Plaintiff Haley Welsh's Motion for Relief from Judgment **[R. 53]** is **DENIED**.

2.  Nothing in the Court's March 25, 20256, Memorandum Opinion and Order [R. 42] or in this Order impairs any party's ability to seek allocation of fault to the Alleman Estate or Gale E. Alleman, Jr. at trial, in accordance with the legal requirements governing apportionment of fault.

This the 11th day of June, 2026.

Gregory F. Van Tatenhove
United States District Judge